FILED
2021 Jul-22 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NUMBER: |
| | ) | CV-2021- |
| | ) | JURY DEMAND |
| | ) | |
| ANDY FRAIN SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

I.  **JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§1331, 1343(3), 2201 and 2202, Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, as amended by the Civil Rights Act of 1991, 42 U.S C. §2000e *et. seq.*

2. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights providing for injunctive and other relief against sex discrimination.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964,

1

as amended by the Civil Rights Act of 1991.

4. Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff has timely filed his suit within ninety (90) days of the termination of the EEOC investigation of this charge, i.e., right-to-sue letter, which was issued after the EEOC issued a "cause finding/determination" on November 10, 2020.

## II. PARTIES

5. Plaintiff, Douglas Jones, is a male citizen of the United States. Plaintiff was employed by Defendant prior to his termination on or about October 26, 2019.

6. Defendant, Andy Frain Services, Inc., (Andy Frain), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991. Defendant is doing business in the State of Alabama.

## III. CAUSES OF ACTION

7. Plaintiff re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out hereinbelow.

8. Plaintiff began his employment with Defendant on September 1, 2019, as a Security Officer at the Summit located in Birmingham, Alabama. Plaintiff had previously worked for Chesley Brown Security as a Security Officer at the Summit

and became employed by Defendant when it took over the company.

9. Throughout Plaintiff's employment, he never had anyone complain about his job performance.

10. On October 23, 2019, Plaintiff received a call from the duty phone from Sergeant A. Sheppard Hair (female) Plaintiff spoke to her, the conversation ended, and they hung up the phone. Hair called right back and asked, "Is this Douglas Jones," and to which Plaintiff said "yes." She immediately hung up.

11. This phone conversation occurred while the plaintiff was standing outside the golf cart. Plaintiff was not driving the golf cart when he answered the call from the defendant's duty phone. Therefore, Plaintiff was not driving and using his cell phone. Plaintiff only answered his cell phone when he realized it was from Defendant's duty phone.

12. After this conversation with Sergeant Hair, Plaintiff drove to base and, as he drove up, the Director of Security, Gan Osborne (male), told him to clock out and asked plaintiff if he had his phone on him. Plaintiff told him yes and again he said clock out. So, Plaintiff did.

13. When Plaintiff returned to work a few days later, per his schedule, Gan Osborne terminated the plaintiff for having his phone while on the job.

14. There have been similarly situated female security guards on their

3

phones while on the job who were written up by Sergeant Anthony Best and reported to Gan Osborne but were not terminated.

15. Specifically, Officers Jada Johnson and J. Campbell, both female, were written up for using cell phones by Sgt. Anthony Best and sent home. These female employees called Gan Osborne and he instructed them to stay on the job, instead of terminating them. Osborne also then called Sgt. Best to inform him that he told the two female officers to stay at work.

16. Plaintiff believes he was terminated based on his sex, male.

## COUNT - SEX DISCRIMINATION

17. As stated above in paragraphs 8-16, Plaintiff was discriminated against because of his sex.

18. As described above, Plaintiff was treated differently than 2 similarly situated, female co-workers when he was terminated for cell phone issues at work, when the 2 female co-workers had engaged in similar or worse behavior and were not terminated.

19. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein in this suit for compensatory damages, punitive damages, and/or nominal damages, as well as back-pay (plus interest) and injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now

suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that the actions of Defendant described hereinabove violated and continue to violate the right of Plaintiff as guaranteed by Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991.

3. Grant Plaintiff an order requiring Defendant to make him whole by awarding him the position(s) he would have occupied in the absence of sex discrimination, by awarding him back-pay, (plus interest), reinstatement and/or front-pay, compensatory and punitive damages as well as lost seniority, lost pension and fringe benefit credits, costs, attorney's fees and expenses.

4. Plaintiff demands a trial by struck jury on all applicable claims.

Respectfully submitted,

_____
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0543

**DEFENDANT'S ADDRESS**
**TO BE SERVED BY CERTIFIED MAIL**

Andy Frain Services, Inc.
CT Corporation System - Registered Agent
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104